IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AEGIS 11, S.A., | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
|    v. | : | Civil Action No. 19-1161-RGA |
| | : | |
| BELKIN INTERNATIONAL, INC., | : | |
| | : | |
|         Defendant. | : | |

___

| | | |
|---|---|---|
| AEGIS 11, S.A., | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
|    v. | : | Civil Action No. 19-1162-RGA |
| | : | |
| NETGEAR, INC., | : | |
| | : | |
|         Defendant. | : | |

___

| | | |
|---|---|---|
| AEGIS 11, S.A., | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
|    v. | : | Civil Action No. 19-1163-RGA |
| | : | |
| ROKU, INC., | : | |
| | : | |
|         Defendant. | : | |

___

| | | |
|---|---|---|
| AEGIS 11, S.A., | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
|    v. | : | Civil Action No. 19-1165-RGA |
| | : | |
| TTE TECHNOLOGY, INC., | : | |
| | : | |
|         Defendant. | : | |

**MEMORANDUM ORDER**

Plaintiff filed the four above-captioned lawsuits, asserting claims of three patents in each case.  Defendants responded with partial motions to dismiss claim 1 of the '553 patent.  (No. 19-1161, D.I. 10).[1]  I referred the motions to a magistrate judge, who filed a Report & Recommendation recommending that I grant the partial motion.  (D.I. 21; No. 19-1165, D.I. 22).[2]

Plaintiff filed objections, to which Defendants have responded.  (D.I. 22, 23).  My review is *de novo*.

The patent claim at issue states:

**1.** A method of managing mobile station operational parameters in a wireless communication network comprising:

> transmitting a message from a network to a mobile station to indicate an initiation of an update of the mobile station operational parameters; and
>
> updating the mobile station operational parameters after completing a mutual authentication between the mobile station and the network, wherein the mutual authentication comprises each of an authentication of the mobile station by the network and an authentication of the network by the mobile station, and wherein the mutual authentication is performed by generating at least one random number by each of the network and the mobile station.

The magistrate judge recommended finding that claim 1 was invalid for claiming patent-ineligible subject matter.  As part of the familiar two-step process for evaluating patent-ineligible subject matter, the magistrate judge identified that the claim was "directed to the abstract idea of

---

[1] All citations are to the docket in No. 19-1161 except as otherwise indicated.
[2] The magistrate judge issued a separate report and recommendation in No. 19-1165.  I believe that was because different counsel represented Defendant in that case.  By the completion of the briefing on the objections, Defendants joined forces and filed the same document in all four cases.  (D.I. 23 at 1 n.1).

generating and using random numbers for the purpose of mutual authentication." (D.I. 21 at 7). I agree.

Plaintiff objects to that finding as not focusing on the invention as a whole. (D.I. 22 at 1-4). But I think it does. And it is roughly how Plaintiff characterizes the invention of claim 1. "An object of the present invention is to allow a management which can perform a mutual authentication between a mobile station and a network." '553 patent at 2:3-5.

Plaintiff states that the magistrate judge placed a "burden" on Plaintiff to prove that the invention is not abstract. (D.I. 22 at 4-5). I do not think the magistrate judge did so. Plaintiff made arguments. The magistrate judge rejected them. That is not placing a burden on Plaintiff.

Plaintiff states that the magistrate judge made factual findings in Defendants' favor. (D.I. 22 at 5-8). Of course, on a motion to dismiss, the complaint should be construed in Plaintiff's favor.[3] But I do not think the magistrate judge resolved disputed factual issues in Defendants' favor. It is true that the magistrate judge determined that claim 1 had "results-based, functional language." (D.I. 21 at 9). But such characterizations certainly involve legal questions that are appropriate for resolution on a motion to dismiss. *See, e.g., Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329 (Fed. Cir. 2017). Most of Plaintiff's ire is directed at the magistrate judge's analysis in footnote 2 of the report. I do not think, however, that footnote 2 is anything more than a footnote. Instead, the magistrate judge's analysis is contained in the text, which relies upon the specification for the report's conclusions.

Plaintiff objects to a resolution that does not include claim construction of "mutual authentication." (D.I. 22 at 8-9). Plaintiff cites "Opp. at 14" as the place where it raised the

---

[3] The magistrate judge's report could be read to characterize the IS-725-A standard (in addition to the OTAPA process) as being prior art. (D.I. 21 at 8 n.2). Plaintiff's objections could be interpreted as objecting to such a characterization. (D.I. 22 at 6). On the present record, the OTAPA process is prior art; the IS-725-A standard is not.

argument before the magistrate judge. (*Id*. at 8). Defendants respond that Plaintiff did not raise the issue before the magistrate judge. (D.I. 23 at 7). I reviewed Plaintiff's Response (D.I. 17 at 14) – which is not even in support of the "not an abstract idea" portion of the argument – and there is no argument that claim construction is necessary. Thus, I reject this argument for failure to timely raise it.

Plaintiff's last objection is to the second step of the two-step analysis – the inventive concept. Plaintiff primarily objects to the magistrate judge's decision not to consider the declaration of Plaintiff's expert. (D.I. 22 at 9-10). Given that the magistrate judge was ruling on a motion to dismiss, there was no error in not considering the expert's declaration.

Defendants requested that the claim be dismissed with prejudice. Plaintiff made no request for leave to amend. The magistrate judge did not make a specific recommendation whether the dismissal should be with or without prejudice. Given that Plaintiff may be able to make allegations that would plausibly state an inventive concept, as evidenced by the declaration that was not considered, I am going to exercise my discretion and dismiss claim 1 without prejudice.

Thus, the Report and Recommendation is ADOPTED in each case. The motions to dismiss (D.I. 10; No. 19-1162, D.I. 10; No. 19-1163, D.I. 8; No. 19-1165, D.I. 14) are GRANTED, and Count 1 of each complaint is DISMISSED without prejudice.

IT IS SO ORDERED this 9th day of September 2020.

/s/ Richard G. Andrews_____
United States District Judge